■ BRIAN MALLOY, Respondent, v DELK TRANSMISSION, INC., Appellant. [594 NYS2d 772] —Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 17, 1991 which, upon a jury verdict, awarded plaintiff $226,221.18, unanimously reversed, on the law, and the complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, a meter reader for Con Edison who had worked for that company in various capacities for seven years, was injured while on premises leased by the defendant. Plaintiff went to the premises, a warehouse type structure, in order to check the electrical meters for the possible unauthorized use of electricity by various tenants. The meters were located in an area of the basement of the structure which defendant used in connection with its transmission repair business.

Plaintiff testified at trial that the meter he was to read was located on a wall in front of which a black Oldsmobile Toro-

nado automobile was parked. Plaintiff testified that he stood on top of a transmission and then placed his left leg onto the car's hood in order to climb onto the car to reach the meter. Plaintiff's right foot slipped off of the transmission causing plaintiff to fall backwards onto other transmissions located on the floor near the car. Plaintiff sustained serious injuries to his back.

The other evidence at trial, adduced during the plaintiff's case, established that the basement area was well-lit on the date of the accident and that the plaintiff had been to this location four or five times before. In addition, plaintiff stated that each time he was previously at the premises he had to climb on top of the same automobile in order to read the meter. While plaintiff acknowledged that there was a Con Edison policy that meter readers not subject themselves to hazardous conditions, such as rodent infested or trash filled basements and locations in disrepair, he maintained that climbing on something to access a meter was not contrary to the policy. However, a Con Edison supervisor of meter readers, who was employed in that capacity at the time of the plaintiff's injury and testified for the defendant, stated that he and the other supervisors regularly held safety meetings at which employees were cautioned to pay proper attention to their footing and instructed to read meters in an intelligent manner without subjecting themselves to injury.

The liability of a landowner to one injured on his property is governed "by the standard applicable to negligence cases generally, i.e., the 'the standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability' " (Scurti v City of New York, 40 NY2d 433, 437, quoting Basso v Miller, 40 NY2d 233, 241). It has been recognized by the Court of Appeals that owners have the right to use their property and to develop it for their profit and enjoyment even when doing so means that the owner must conduct dangerous activities or permit dangerous instruments and conditions to exist on the premises (supra, at 441). However, the Court has stated that "[w]hether the threat is posed by a dangerous condition or a dangerous activity is of little significance in itself. It may have some bearing on the effort required to prevent the injury, but that depends on the facts of the particular case." (Supra, at 442.) Moreover, as in any negligence case the court must always determine as a threshold matter whether the facts will support an inference of negligence or lack of negligence (Basso v Miller, supra; cf., Andre v Pomeroy, 35 NY2d 361). "[W]hile the determination of

the existence of a duty and the concomitant scope of that duty involve a consideration not only of the wrongfulness of the defendant's action or inaction, they also necessitate an examination of plaintiff's reasonable expectations of the care owed him by others." *(Turcotte v Fell,* 68 NY2d 432, 437.)

Given the evidence adduced at the trial of this case, we find that the facts that defendant, who was in the business of transmission repair, stored transmissions and parked a car in the basement area near the electrical meter plaintiff sought to read, do not support an inference of negligence on the part of the defendant. Moreover, the plaintiff could not have reasonably expected that this defendant owed him a duty to keep his premises in such a condition as to prevent the plaintiff from taking it upon himself to go climbing upon transmissions and cars. Nor was it foreseeable that a reasonably careful, prudent individual would act as plaintiff did herein *(compare, Fellis v Old Oaks Country Club,* 163 AD2d 509, *lv denied* 77 NY2d 802). This is particularly true given the evidence that the injured plaintiff had been to the location several times previous to the date of the occurrence, was aware of the conditions and was instructed to proceed intelligently so as not to subject himself to injury. This was not a case such as *Broderick v Cauldwell-Wingate Co.* (301 NY 182) where the plaintiff had no choice but to obey a superior's direction to continue no matter what the danger *(see generally, Maddox v City of New York,* 66 NY2d 270, 279).

We have reviewed the parties' contentions regarding the alleged errors made by the trial court and conclude that there is no need to reach them. Concur—Murphy, P. J., Carro, Ellerin and Ross, JJ.