■ JEFFREY SCIARA, Respondent, v SHEILA MOREY, Appellant, et al., Defendant. (And a Third-Party Action.) [889 NYS2d 549]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 13, 2009, which, in an action for personal injuries sustained when plaintiff worker fell through a wooden storm cellar door on defendant homeowner's property while attempting to install a new electric meter, denied the homeowner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

"A landowner owes a duty to exercise reasonable care in maintaining [her] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Karsdon v Barringer*, 298 AD2d 501, 501 [2002] [internal quotation marks and citations omitted]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). Here, inasmuch as the homeowner concedes that the subject door was in poor, "rotted" condition and that it was soon to be replaced by her son, the record presents triable issues of fact as to whether it was reasonably foreseeable that plaintiff would step on the door while performing his work (*compare Malloy v Delk Transmission*, 191 AD3d 303 [1993], *lv denied* 82 NY2d 657 [1993]). Contrary to the homeowner's contention that plaintiff's actions were the sole proximate cause of the accident, the stepping on the door by plaintiff is but a factor "to be considered by the jury in determining the issue of comparative fault" (*see Mizell v Bright Servs., Inc.*, 38 AD3d 267 [2007]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Richter, JJ.