■ JOHN HUGHES, Respondent, v SOLOVIEFF REALTY CO., L.L.C., Appellant. JOHN HUGHES, Respondent, v CUSHMAN & WAKEFIELD OF NEW YORK, INC., et al., Appellants. [796 NYS2d 354]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 15, 2004, which, to the extent appealable, granted the motion by the Solovieff and Solow defendants to renew, and upon renewal, adhered to an earlier order, same court (Marylin G. Diamond, J.), entered on or about June 25, 2002, which had granted plaintiff partial summary judgment on liability pursuant to Labor Law § 240 (1) and had denied defendant Solovieff Realty's cross motion to dismiss the complaint, unanimously modified, on the law, and upon a search of the record, summary judgment granted in favor of defendant Solow Management Corporation and the Cushman defendants dismissing the complaint as against them, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Solovieff Realty's motion for summary judgment was properly denied. The fact that Solovieff Realty, Solow Building Company and Solow Management Corporation had related ownership and shared the same directors and officers was insufficient to establish that these three entities were alter egos or joint venturers for the purpose of barring plaintiff's claims under the Workers' Compensation Law (*see Wernig v Parents & Bros. Two*, 195 AD2d 944 [1993]).

An appellate court may search the record and grant summary judgment to eligible parties pursuant to CPLR 3212 (b). In light of the undisputed fact that the Workers' Compensation Board deemed Solow Management to be plaintiff's employer, summary judgment should be granted in that defendant's favor, and the complaint dismissed against it on the ground that plaintiff's claims are barred by Workers' Compensation Law § 11. In addition, since Cushman controlled the manner, details and ultimate result of plaintiff's work, plaintiff wore a Cushman uniform, and Cushman filled out the accident report on the date of plaintiff's accident, the evidence satisfactorily demonstrates that plaintiff was a special employee of Cushman, thus entitling the Cushman defendants to summary judgment (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]). Concur—Buckley, P.J., Tom, Williams and Sweeny, JJ.