■ NICHOLAI CHERKASETS et al., Respondents, v MARCUS GORDON et al., Defendants, and EASTERN WOMEN'S MEDICAL CENTER, INC./OLD EAST, INC., Appellant. [801 NYS2d 322]—

Order, Supreme Court, New York County (Joan B. Carey, J.), entered on or about February 22, 2005, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff mother alleges that infant plaintiff's neurological injuries were caused by defendants' malpractice committed during her pregnancy and delivery. Defendant Dr. Gordon, the attending physician who performed the delivery, was the medical director of nonparty Washington Heights Medical Service Group, P.C., doing business as defendant Health Services for Women (HSW), where plaintiff mother had received her prenatal care. Defendant-appellant Eastern Women's Medical Center,

Inc./Old East, Inc. (Eastern) moved for summary judgment dismissing the complaint as against it on the grounds that it was in the business of providing abortion, not obstetrical, services, and that, although it occupied the same building as HSW/ Washington Heights, it was separate from that corporation and never treated plaintiff mother. Plaintiffs argued that Eastern and HSW were in fact a single entity, and that their corporate veils should be pierced to expose both to liability. In the latter regard, Dr. Gordon, HSW's medical director, testified at deposition that he believed HSW and Eastern were actually two arms of the same entity—Eastern being the arm that performed abortions and HSW being the arm that provided general gynecological and obstetrical care. In addition, all four officers of Washington Heights were officers of Eastern; the two corporations had the same president, executive vice-president, and administrative staff; Eastern's medical director oversaw HSW's administration and was involved in the care of HSW patients; Dr. Gordon performed abortions for Eastern; HSW was located on the same floor as Eastern's administrative offices and used its sonogram equipment; and the names and assets of HSW/ Washington Heights and Eastern were sold at the same time to another corporation after the alleged medical malpractice. Based on this evidence, the motion court correctly held that an issue of fact exists as to whether Eastern and HSW operated as a single entity and whether Eastern's corporate veil should be pierced (*see Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341, 342 [1996]; *Goldberg v Lee Express Cab Corp.*, 227 AD2d 241 [1996]; *Berliner Handels-und Frankfurter Bank, N.Y. Branch v Coppola*, 172 AD2d 369 [1991]). Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.