■ ANTONIO MARTINEZ, Plaintiff, v PLAZA PROSPECT APT., INC.,
Defendant and Third-Party Plaintiff-Appellant-Respondent.
TBR, LLC, Third-Party Defendant; TOWER BUILDING SERVICES,
INC., Third-Party Defendant-Respondent-Appellant. [808 NYS2d
199]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson,
Jr., J.), entered April 12, 2005, which, to the extent appealed
from, denied defendant's motion for summary judgment on its
claim for contractual indemnification against third-party defen-
dant Tower Building Services (TBS) and denied the cross mo-
tion of TBS for summary judgment dismissing the third-party
complaint, unanimously modified, on the law, and defendant's
motion granted, and otherwise affirmed, with costs in favor of
third-party plaintiff, payable by third-party defendant TBS. The
Clerk is directed to enter judgment accordingly.

In July 2000, defendant Plaza Prospect Apt. hired TBR, LLC
to perform renovation work at its building. The contract
required that TBR indemnify Plaza for bodily injury claims
arising from the work, including attorneys' fees.

When TBR's insurance lapsed in December, its principal,
Nickolas Manounas, did not renew it. Instead, he explained at
deposition, he obtained a policy naming TBS as the insured
because he was able to get a cheaper policy for it. Thereafter,
TBS proceeded with the work under the TBR-Plaza contract.
Although there was no written agreement between TBR and
TBS, according to Manounas he informed Plaza that TBS was
taking over TBR's work, and a TBS employee was the on-site
foreman. Manounas further stated that sometimes he paid the
TBS employees working at the project from the TBR account,
and other times from the account of other entities owned by
him.

Plaintiff Antonio Martinez, who was injured while working at
the site and commenced this action against Plaza, understood
his employer to be "Tower." Plaza brought the third-party claim
at issue against TBR and TBS for contractual indemnification.

TBR did not appear or answer, and Plaza obtained a default judgment against it. As against TBS, Plaza moved for summary judgment on its contractual indemnification claim, on the ground that TBS had assumed TBR's contract duties.

The submitted evidence overwhelmingly established that TBS was the alter ego of TBR with respect to the Plaza job. Accordingly, summary judgment should have been awarded to Plaza on the indemnification claim against TBS. This situation is more than two companies whose ownership and management are merely interrelated (*see Cherkasets v Gordon*, 21 AD3d 856 [2005]; *cf. Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142 [2005]). Here, separate existence was completely ignored. Both TBR and TBS, along with a company called Tower Exterior Solutions, were run solely by Manounas and his brother, out of the same office, with the assistance of one secretary, who, like other employees, was indiscriminately paid out of the accounts of any one of the several business entities.

Moreover, Manounas's statement that TBS assumed TBR's work under the contract was undisputed, and, combined with the clear disregard of separate corporate entities, it leads to the inexorable conclusion that TBS assumed *all* of TBR's contractual obligations. This is especially so where the only reason advanced for TBS's assumption of the contract was to save on the cost of insurance. Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Williams, JJ.