■ MARIA B. FIGUEIREDO, Respondent, v NEW PALACE PAINTERS SUPPLY CO. INC., Appellant, and FRAN-JU, INC., et al., Respondents. [833 NYS2d 492]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about October 31, 2006, which, to the extent appealed from, denied the motion by defendant New Palace Painters Supply to amend its answer to assert a cross claim for common-law contribution and indemnification against its codefendants, granted defendant Marchese's motion for summary judgment dismissing the Labor Law and common-law negligence claims against it, and granted plaintiff's cross motion for partial summary judgment against New Palace on the Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff sustained her prima facie burden on her Labor Law § 240 (1) claim through admissible evidence that her decedent, who was engaged in renovating the property, fell through an open hole from an unsecured piece of plywood that had been laid over the beams when the platform shifted, and that no safety device was provided to prevent his fall (*see Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234 [1997]). In opposition to this prima facie showing, New Palace failed to raise any genuine issue of fact or conflicting evidence (*see Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]).

The decedent was not the sole proximate cause of the accident. There is no evidence that safety devices existed on the site and were made available to him. Any alleged contributory negligence attributable to him in applying knee pressure to the plywood to set a beam is immaterial because the statutory violation has been established as a proximate cause of his injury (*see Miraglia v H & L Holding Corp.*, 36 AD3d 456 [2007]; *Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641 [2006]; *cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

New Palace admitted in its answer that it was the general contractor, and denied plaintiff's allegations that Marchese was the general contractor that had hired the decedent's company. These formal judicial admissions, which Jacobellis, a principal of New Palace and Fran-Ju, confirmed in his affidavit and deposition testimony, take the place of evidence and are concessions, for the purpose of this litigation, of the truth of a fact alleged by an adversary (*see Falkowski v 81 & 3 of Watertown.*, 288 AD2d 890 [2001]; *Bogoni v Friedlander*, 197 AD2d 281, 291-292 [1994], *lv denied* 84 NY2d 803 [1994]). After Marchese sustained its prima facie burden, New Palace failed to raise an issue as to whether Marchese was the general contractor or statutory agent (*see Coque v Wildflower Estates Developers, Inc.*, 31 AD3d 484, 488 [2006]; *Armentano v Broadway Mall Props., Inc.*, 30 AD3d 450 [2006]).

For the same reasons, the New Palace motion to amend its answer to assert indemnification and contribution claims against Marchese was correctly denied on the ground that it lacked merit. Nor did New Palace demonstrate that Fran-Ju was its alter ego on the project (*see Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965-966 [2003]; *cf. Martinez v Plaza Prospect Apt., Inc.*, 25 AD3d 437 [2006]). The record shows that while they shared common owners and officers, Fran-Ju and New Palace were separate entities, not a parent/subsidiary. Fran-Ju held the real property; New Palace ran the paint stores. Fran-Ju hired New Palace to run the renovation project, agreeing to fund the costs. There was no showing that Fran-Ju supervised, directed or controlled the contractors or work involved on the project, or that it entered contracts with subcontractors or provided tools or materials. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Malone and Kavanagh, JJ.