■ KUN YONG KE, Respondent, v OVERSEA CHINESE MISSION, INC., Appellant, et al., Defendant. [855 NYS2d 173]—

This personal injury action arises out of injuries sustained by the plaintiff on February 9, 2004, when he allegedly fell from a ladder while repairing leaks on the roof of the Boon Church, owned and operated by the appellant Oversea Chinese Mission, Inc.

Labor Law § 240 (1) imposes liability upon a contractor or owner who fails to provide required safety devices to a worker at an elevated work site where the lack of such devices is a substantial factor in causing the worker's injuries, even where the contractor or owner exercises no supervision, direction, or control over the work being done (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382 [1994]). Contrary to the appellant's contention, the plaintiff's work in repairing the leak on the church's roof, wherein he allegedly fell off a ladder and sustained his injuries, comes within the ambit of Labor Law § 240 (1). As the appellant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action based upon Labor Law § 240 (1), the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing that cause of action. There exists a triable issue of fact as to whether the ladder the plaintiff was utilizing was secured and whether the plaintiff was supplied with the proper safety equipment. The Supreme Court also properly denied that branch of the appellant's motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6). The appellant failed to establish, prima facie, that the plaintiff had not sufficiently predicated his claim on a specific violation of the Industrial Code, since the plaintiff alleged that the appellant violated Industrial Code (12 NYCRR) § 23-1.21 (b) (4) (iv) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.