■ EDDIE H. VALENTIN, Respondent, v MELCAR GARAGE, INC., Appellant, et al., Defendants. [854 NYS2d 131]—

Melcar's motion was properly denied for lack of documentation showing, inter alia, exactly who paid plaintiff and supervised his daily activities, and that such person or entity, if not Melcar itself, is Melcar's alter ego (*see Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142, 143 [2005]). In view of the foregoing, we need not reach Melcar's argument that plaintiff's injuries are not "grave" within the meaning of the statute and that any common-law claims against it must therefore be dismissed. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN MITCHELL, Appellant. [855 NYS2d 409]—

No opinion. Order filed. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.