Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 26, 2008, which, to the extent appealed from as limited by the briefs, granted defendants’ motions for summary judgment dismissing causes of action based on common-law negligence, Labor Law §§ 200 and 241 (6) except as the latter relies on Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (i), and denied plaintiff Angamarca’s cross motion for partial summary judgment, unanimously modified, on the law, defendants’ motions granted to the extent of dismissing the claim under Labor Law § 241-a, the cross motion granted on plaintiff Angamarca’s claim pursuant to section 240 (1), and otherwise affirmed, without costs.
During the construction of a townhouse, Angamarca fell from the roof and was discovered lying on the second floor of the building. Although no one witnessed the fall, and the injured worker had no recollection of what happened, there was strong circumstantial evidence (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [1998]) that he probably fell through an improperly covered skylight hole in the roof. Just prior to the fall, Angamarca and a coworker were on the roof near the opening. There were only three pieces of plywood at the scene, two of which covered the two openings in the roof. More wood had been requested, and was being sent up by lift.
Deposition testimony indicated that the holes were generally covered by plywood sheets nailed on, but it was not unusual for the plywood to be removed from the openings. The principal of Angamarca’s employer was told that the injured party had fallen through the skylight, and another individual testified that he came upon the injured worker lying on some plywood. Defen *265 dants asserted that Angamarca was likely the sole proximate cause of his injuries, and suggested that he toppled off the nearby lift, rather than falling through an opening in the roof. However, there was no evidence that Angamarca had been seen on the lift prior to the accident, or even that the lift was on the roof at the time. Angamarca further submitted an expert affidavit stating that the nature of his injuries was consistent with having fallen through the skylight opening, rather than from the lift.
Under these circumstances, defendants have not established the existence of a triable issue of fact. Angamarca produced admissible prima facie evidence he was injured after a fall through the skylight opening and had not been provided with any safety device or equipment to afford him proper protection from such an elevation-related hazard, thereby entitling him to summary judgment as to liability on his claim under Labor Law § 240 (1) (see Figueiredo v New Palace Painters Supply Co. Inc., 39 AD3d 363 [2007]). In opposition, defendants offered only unsupported speculation as to an alternative explanation for the injury.
The court should have summarily dismissed Angamarca’s claim pursuant to Labor Law § 241-a, which was enacted to protect those engaged in hazardous work near “elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition.” Notwithstanding its proximity to a stairwell, the skylight opening fit none of these descriptions, and section 241-a thus does not apply.
We have considered the parties’ remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.E, Saxe, Gonzalez, Catterson and Acosta, JJ.