■ DZEVAT KOLENOVIC, Respondent, v 56TH REALTY, LLC, Defendant, and MANHATTAN ART & ANTIQUES CENTER et al., Appellants. [32 NYS3d 137]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 11, 2015, which, to the extent appealed from as limited by the briefs, denied defendants Manhattan Art & Antiques Center and Glenwood Management Corp.'s cross motion to amend their answer to assert affirmative defenses based on Workers' Compensation Law §§ 11 and 29 (6), to dismiss the complaint pursuant to CPLR 3211 based on those defenses, and/or for summary judgment dismissing the Labor Law § 240 (1) cause of action, unanimously modified, on the facts, to dismiss the complaint as against the Manhattan Art & Antiques Center, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff Dzevat Kolenovic fell from a ladder after fixing a leaky roof in the course of his employment as a handyman at a building located at 300 East 56th Street and 1050 Second Avenue in Manhattan. Defendant 56th Realty, LLC is the owner of the building and was plaintiff's employer;* defendant Glenwood Management Corp. provided management services to 56th Realty. Defendant Manhattan Art & Antiques Center (MAAC) is the identifying name of the part of the building containing retail space on the Second Avenue entrance of the building, which is rented out for art and antique galleries.

The leak was located in the roof above MAAC's portion of the building. The only way plaintiff could access that location was to climb a 12-foot high metal ladder affixed to a brick wall leading from the first-floor roof to the roof of the MAAC portion of the building. The ladder, which was attached to the brick wall with two bolts at the top and two bolts in the middle, shook as plaintiff climbed up it to the MAAC roof. It was raining lightly at the time.

Plaintiff described the MAAC roof as made of rubber with a three-foot brick parapet topped by a marble-like substance. Plaintiff observed cracking in the marble and holes in the wall,

---

* By a prior order, the action as against 56th Realty was dismissed pursuant to Workers' Compensation Law §§ 11 and 29 (6) (*see* Sup Ct, NY County, July 15, 2013, Kenney, J., index No. 153177-2012, docket No. 43, available at https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet? documentId=UaFeV2BEUct4CfP07YDw3g==&system=prod [accessed Jan. 26, 2016]).

which he filled with silicone caulk. He then went to descend the ladder. It was still raining and the ladder was wet. Plaintiff stepped from the parapet wall onto the top rung of the ladder with both his feet, and was holding the side rails. The ladder shook, plaintiff's feet slipped, and he fell. He testified that his fall was caused by the ladder shaking and being wet, by the wind, and because at the top of the ladder there was not enough room for the safe placement of his feet.

Initially, the complaint must be dismissed against Manhattan Art & Antiques Center. MAAC is not a corporate entity; there is no evidence in the record contradicting the showing that it is simply the name of the portion of the building containing gallery spaces that are rented out to vendors of art and antiques. A Glenwood Management employee's supposition that MAAC may be a lessee is insufficient to create a question of fact in that regard, and plaintiff has failed to present any other evidence tending to establish that MAAC has a legal status that allows it to be sued.

We agree with the motion court that Glenwood Management Corp. is not entitled to the relief it seeks pursuant to the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6). Contrary to defendants' contention that Glenwood Management Corp. was the alter ego of plaintiff's employer, 56th Realty, LLC, the record indicates only that Glenwood was the managing agent for 56th Realty, consistent with their management agreement; that the two entities have a principal in common is insufficient to establish that they were alter egos (*see Figueiredo v New Palace Painters Supply Co. Inc.*, 39 AD3d 363, 364 [1st Dept 2007]). Moreover, plaintiff is suing not the principal but the corporation, which is a separate legal entity (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 109 [1st Dept 2002]).

Nor is defendant entitled to dismissal of the Labor Law § 240 (1) claim. Plaintiff was engaged in repairing the roof, an activity to which Labor Law § 240 (1) applies, and not merely in routine maintenance (*see Kun Yong Ke v Oversea Chinese Mission, Inc.*, 49 AD3d 508, 509 [2d Dept 2008]; *Velasco v Green-Wood Cemetery*, 8 AD3d 88 [1st Dept 2004]). Moreover, the permanently affixed ladder that provided the sole access to plaintiff's elevated work site was a safety device within the meaning of Labor Law § 240 (1) (*Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493 [1st Dept 2004]). In view of plaintiff's testimony that the ladder shook and was wet and was too close to the wall to allow room for his feet on the rungs, defendant failed to demonstrate as a matter of law that

plaintiff was provided with proper protection. Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.