Schnell Contr. Sys. L.L.C. v Empire Outlet Bldrs. LLC (2021 NY Slip Op 05796)





Schnell Contr. Sys. L.L.C. v Empire Outlet Bldrs. LLC


2021 NY Slip Op 05796


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Index No. 150619/20 Appeal No. 14435 Case No. 2021-01563 

[*1]Schnell Contracting Systems L.L.C., Formerly Known as Schnell Contracting Services L.L.C., Plaintiff-Respondent,
v
Empire Outlet Builders LLC, Care of BFC Partners Development LLC, et al., Defendants-Appellants, Fidelity and Deposit Company of Maryland et al., Defendants.


Silverman Shin & Byrne PLLC, New York (Andrew V. Achiron of counsel), for appellants.
Virginia & Ambinder, LLP, New York (John M. Harras of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered on or about April 14, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the veil-piercing claims, unanimously affirmed, with costs.
The amended complaint asserts that the individual defendants controlled and owned defendants Empire Outlet Builders LLC c/o BFC Partners Development LLC and St. George Outlet Development LLC c/o BFC Partners, L.P. To support this allegation, plaintiff asserts that although Empire Builders and St. George had different organization formation documents, they effectively operated as a single integrated company, under the umbrella of BFC Partners, with both companies controlled and dominated by the same owners, officers, and managers, including defendants Brandon Baron, Joseph Ferrara, Donald Capoccia, and CFO Harry Zapiti. Moreover, the companies had the same location and email domain address, and the same business purpose of constructing the Empire Outlet Mall on Staten Island. These allegations, which must be accepted as true at this stage of the litigation (see Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172, 174 [1st Dept 2004]), militate in favor of finding complete control and domination over the entities (see Martinez v Plaza Prospect Apt., Inc., 25 AD3d 437, 438 [1st Dept 2006]).
The amended complaint further alleges that St. George received $284,375,000 from its lenders and that by and through Baron, Ferrara, and Capoccia, failed to disperse those funds to Empire Builders, purposefully undercapitalizing the latter entity. These allegations sufficiently assert that corporate funds were purposefully diverted to make Empire Builders judgment-proof (see Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021