Perez v Long Is. Concrete Inc. (2022 NY Slip Op 01887)





Perez v Long Is. Concrete Inc.


2022 NY Slip Op 01887


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 654227/18 Appeal No. 15544 Case No. 2021-02501 

[*1]Johnny Perez et al., Plaintiffs-Respondents,
v
Long Island Concrete Inc. et al., Defendants-Appellants, Lanmark Group, Inc., Defendant.


Cermele & Wood LLP, White Plains (Benjamin M. Rattner of counsel), for Long Island Concrete Inc., Thomas J. Perno, TJM Construction Corp., ZHL Group Inc., The Guarantee Company of North America USA, Vigilant Insurance Company and The Ohio Casualty Company, appellants.
William A. Thomas, New York, for Regulator Construction Corp., appellant.
Arenson, Dittmar & Karban, New York (Avi Mermelstein of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about June 2, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motions to dismiss plaintiffs' first, third, fourth, and fifth causes of action in the amended complaint, unanimously modified, on the law, to dismiss the third cause of action asserting alter ego liability against defendant Regulator Construction Corporation (Regulator), and otherwise affirmed, without costs.
Plaintiffs sufficiently alleged a cause of action for breach of contract as third-party beneficiaries of public works contracts entered into by defendant Long Island Construction Corp. (LIC) (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 601, 608 [2008]; see also Dabrowski v Abax Inc., 64 AD3d 426, 427 [1st Dept 2009]). Plaintiffs alleged that they had worked on 12 construction projects that were commissioned through public works contracts with LIC. Moreover, by alleging that they were supervised by LIC foremen, that their rate of pay was set by LIC's Chief Operating Officer, defendant Thomas J. Perno, and that they were, at some point, issued LIC paychecks, they have sufficiently established that they were employed by LIC and/or Perno while working on those projects. They further alleged that they were not paid the prevailing wages, overtime premiums, or supplemental benefits, as required by the contracts (see Singh v Zoria Hous., LLC, 163 AD3d 1025, 1025-1026 [2d Dept 2018]).
The documentary evidence submitted by defendants is insufficient to resolve all factual disputes as to whether the public works contracts governing plaintiffs' work sites incorporated project labor agreements (PLAs) that contained exclusive dispute resolution procedures, and whether plaintiffs were bound by them (see Matter of Wonder Works Constr. Corp. v R.C. Dolner, Inc., 73 AD3d 511, 513-514 [1st Dept 2010]). Since defendants failed to show that plaintiffs ever saw the PLAs or assented to their terms, they have failed to establish conclusively, at this juncture, that the PLAs are binding on them (see Matter of Belzberg v Verus Invs. Holdings, Inc., 21 NY3d 626, 631 [2013]; see also Ansah v A.W.I. Sec. & Investigation, Inc., 129 AD3d 538, 539 [1st Dept 2015]).
Furthermore, plaintiffs sufficiently alleged that defendant Regulator is the alter ego of defendants LIC and/or Perno and may also be held liable for breach of contract (Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014]). The complaint alleged, among other things, that plaintiffs received paychecks issued by LIC and Regulator; that the companies shared the same concrete construction superintendent; that Regulator trucks were seen on LIC's yards; and that LIC personnel handled paychecks issued by Regulator. Moreover, plaintiffs assert that the president of Regulator reported to the president of LIC, where he was also a foreman. Those facts are sufficient, at the pleading stage, to frame issues about whether [*2]these defendants "commingled funds and disregarded corporate formalities" (Baby Phat, 123 AD3d at 407; see also Schnell Contr. Sys. L.L.C. v Empire Outlet Bldrs. LLC, 198 AD3d 548, 548-549 [1st Dept 2021]). However, since alter ego liability is not an independent cause of action (see Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp., 127 AD3d 479, 480 [1st Dept 2015]), plaintiffs' third cause of action against Regulator should be dismissed.
Plaintiffs' claims against defendants relate back to the filing of the original complaint, as it asserted causes of action for breach of contract related to defendants' alleged failure to pay prevailing wages on three public works projects, which sufficiently put them on notice of the transactions or occurrences to be proved pursuant to the amended complaint (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 87-89 [1st Dept 2017]). Similarly, the claims against Regulator potentially relate back to the filing of the original complaint because the amended complaint alleges "some
relationship between the parties giving rise to the vicarious liability of one for the conduct of the other" (Vanderburg v Brodman, 231 AD2d 146, 147-148 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022