Alberico v Riverside Unit C, LLC (2023 NY Slip Op 05220)

Alberico v Riverside Unit C, LLC

2023 NY Slip Op 05220

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 154621/16 Appeal No. 799 Case No. 2022-02343 

[*1]Amanda Alberico, Plaintiff-Respondent,
v
Riverside Unit C, LLC, Defendant-Appellant. A.T.C. Construction Group Corp. et al., Defendants-Respondents, LDG Builders LLC et al., Defendants.

The Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for appellant.
Siegel & Coonerty, LLP, New York (Michael Peters of counsel), for Amanda Alberico, respondent.
Brody, O'Connor & O'Connor, New York (Magdalene P. Skountzos of counsel), for A.T.C. Construction Group Corp. and Anthony Thomas Chau Construction Group Corp., respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about May 19, 2022, which, to the extent appealed from, denied defendant-appellant Riverside Unit C, LLC's motion for summary judgment dismissing the complaint and cross-claims as against it, unanimously affirmed, without costs.
The motion court correctly determined that the claims against Riverside were not barred by the exclusivity provisions of the Workers' Compensation Law because nothing in the record indicates that Riverside was the alter ego of plaintiff's employer, defendant Nest Seekers International LLC (see Fuller v KFG Land I, LLC, 189 AD3d 666, 667-668 [1st Dept 2020]; see also Workers' Compensation Law §§ 11, 29[6]). Although Nest Seekers wholly owns Riverside, the record establishes that the two companies operated as separate entities (Figueiredo v New Palace Painters Supply Co. Inc., 39 AD3d 363, 364 [1st Dept 2007]). The parties entered into a lease agreement establishing their separate responsibilities as landlord and tenant (see Kolenovic v 56th Realty, LLC, 139 AD3d 588, 589 [1st Dept 2016]), and maintained their own bank accounts and filed their own taxes. Because there is no evidence that Nest Seekers dominated and controlled Riverside's day-to-day operations, or any evidence of commingling of assets and resources, the court properly determined that Riverside was not Nest Seeker's alter ego as a matter of law (see Gonzalez v 310 W. 38th, LLC, 14 AD3d 464, 464 [1st Dept 2005]; Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 965 [3d Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023