## Bochenek v Ashton

2024 NY Slip Op 30332(U)

January 26, 2024

Supreme Court, New York County

Docket Number: Index No. 654904/2022

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE

*Justice*

| | | |
|---|---|---|
| PART | | 60M |

-----------------------------------------------------------------------------X

ETHAN BOCHENEK,

Plaintiff,

- v -

GREG ASHTON, GROW EVENTS, LLC,TWENTY SEVEN INVESTMENT GROUP, LLC,

Defendant.

-----------------------------------------------------------------------------X

GROW EVENTS, LLC

Plaintiff,

-against-

ETHAN BOCHENEK, VEROSAFE PTY. LTD. D/B/A RETAIL GLOBAL AND RETAIL FEST

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654904/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 3,4,5 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  596059/2023

The following e-filed documents, listed by NYSCEF document number (Motion 005) 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 114, 117, 120, 137, 138, 139, 140, 141, 142, 143, 157, 158

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, it is

For the reasons discussed on the record on 1/26/2024, the court grants in part and denies in part the motion to dismiss.  In sum, the court denies TSIG's motion to dismiss for lack of personal jurisdiction. Plaintiff has sufficiently alleged that TSIG is a sham corporation, that defendant Ashton completely controls TSIG and that he used TSIG to divert Los Angeles business from Grow Events LLC. Because plaintiff has adequate alter ego allegations, there is jurisdiction over TSIG because it is undisputed there is jurisdiction over defendant Ashton (see

**654904/2022  BOCHENEK, ETHAN vs. ASHTON, GREG ET AL**
Motion No.  005

**Page 1 of 4**

1 of 4

*Clingerman v. Ali*, 212 A.D.3d 572 [1ˢᵗ Dep't 2023][trial court had jurisdiction over corporate defendants based on theory that corporate defendants and individual defendant, over whom trial court found it had personal jurisdiction, were alter egos];*Transfield ER Cap Ltd. v. Indus. Carriers. Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) "It is also well established that the exercise of personal jurisdiction over an alter ego corporation does not offend due process" [citations omitted]).

The court sustains the first cause of action for breach of contract. Obviously, Grow Events LLC as a signatory is liable for breach of contract and the complaint alleges that plaintiff has not received his commissions or his 8% of the company as the contract allegedly requires. With respect to the other defendants, plaintiff has alleged facts sufficient to pierce the corporate veil with respect to Ashton and TSIG, as well as Ashton and Grow (see SAC EDOC 60 ¶ 170-188). Notably, plaintiff has also alleged that Ashton used TSIG to divert so much business away from Grow that there is no money left to flow to Mr. Bochenek were he to be awarded his contractual equity stake (see SAC ¶ 116). Thus, if the veil piercing allegations prove true, all three defendants could be liable for breach of contract.

As Ashton and plaintiff could be in the position of majority and minority shareholders, respectively, Bochenek's direct claim for breach of fiduciary duty (second cause of action) stands against Ashton only. The other two defendants did not owe plaintiff a fiduciary duty and plaintiff has not alleged facts sufficient to support <u>reverse</u> veil piercing.

The third cause of action a derivative claim for breach of fiduciary duty on behalf of Grow against Ashton is sustained. The allegations sufficiently allege that Ashton engaged in self-dealing and diverted assets away from Grow to himself and TSIG (see in particular ¶¶ 143-144 of the SAC).

654904/2022   BOCHENEK, ETHAN vs. ASHTON, GREG ET AL                                   Page 2 of 4
Motion No.  005

2 of 4

The court sustains the fourth cause of action for an accounting because, if plaintiff is entitled to 8%, Ashton and plaintiff had a fiduciary relationship as majority to minority shareholder.

The fifth cause of action, for account stated is sufficient as explained on the record.

However, the court dismisses the sixth cause of action, for wage theft, for the reasons explained on the record. Namely, plaintiff's role does not come under the protection of NY Labor Law § 191-c and plaintiff was not a freelancer under NYC's Administrative Code.

The court also dismisses all claims for punitive damages with prejudice. As explained on the record, plaintiff still has not pleaded a pattern of conduct directed at the public generally which is a requirement for punitive damages in the commercial context (see *Eastern Effects, Inc. v 3911 Lemmon Ave.*, 2024 WL 234846, [1st Dep't January 23, 2024]).

Finally, the court dismisses the seventh cause of action for piercing the corporate veil only because this is not an independent cause of action (see *Perez v LIC*, 203 AD3d 552 [1st Dep't 2022]). However, the court incorporates the substantive allegations into the factual portion of the complaint.

Accordingly, it is

ORDERED THAT the court grants the motion to dismiss to the extent of dismissing the 6th and seventh causes of action and the request for punitive damages and otherwise denies the motion; and it is further

ORDERED THAT plaintiff is directed to edit the SAC to move the veil piercing factual allegations at ¶¶ 170-187 of the complaint to the factual portion of the complaint; and it is further

**654904/2022   BOCHENEK, ETHAN vs. ASHTON, GREG ET AL**
**Motion No.  005**

**Page 3 of 4**

3 of 4

ORDERED THAT defendant shall have 30 days from the efiled date of the edited SAC to answer.

20240126173604MACRANE48A753D696BC405B8C2547F87ADAE2AC

__1/26/2024__
**DATE**

**MELISSA A. CRANE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654904/2022   BOCHENEK, ETHAN vs. ASHTON, GREG ET AL**
**Motion No.  005**

Page 4 of 4