Hartigan v Gilbane Bldg. Co. (2024 NY Slip Op 03231)

Hartigan v Gilbane Bldg. Co.

2024 NY Slip Op 03231

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Oing, J.P., Friedman, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 152414/18, 595507/18 Appeal No. 2488 Case No. 2023-05870 

[*1]Terence Hartigan, Plaintiff-Respondent,
v
Gilbane Building Company, et al., Defendants-Appellants, SJC 33 Owner 2015, LLC, et al., Defendants. [And a Third-Party Action]

Ropers Majeski PC, New York (Michael B. Kivort of counsel), for Gilbane Building Company, appellant.
Pillinger Miller Tarallo LLP, Elmsford (Lauren R. Turkel of counsel), for Hudson River Park Trust, appellant.
Sullivan Papain Block McManus Coffinas & Cannavo, PC, New York (Christopher J. DelliCarpini of counsel), for respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered October 10, 2023, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim against defendants construction manager Gilbane Building Company and lessee in trust Hudson River Park Trust (HRPT), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff testified that the accident happened as he climbed down from the retracted man lift upon which he had been performing overhead fire-sprinkler work. While holding onto the lift's affixed metal ladder as he did so, he slipped due to moisture on its metal rungs and fell four to five feet to the ground.
Viewing the facts in the light most favorable to defendants, as we must, questions of fact remain, assuming plaintiff's accident involved a gravity-related risk within the reach of Labor Law § 240(1), as to whether the plaintiff was provided with "devices which shall be so constructed, placed and operated as to give proper protection" (Labor Law § 240[1]; see Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143, 1143-1144 [1st Dept 2020], lv dismissed 36 NY3d 960 [2021]; see also Kolenovic v 56th Realty, LLC, 139 AD3d 588, 589-590 [1st Dept 2016]). Further, while plaintiff testified that he would ordinarily wear a harness for the type of work he was performing that day, he failed to establish "that there is a safety device of the kind enumerated in section 240(1) that could have prevented his fall, because liability is contingent upon the failure to use, or the inadequacy of such a device" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339-340 [2011] [citation, quotation marks and ellipsis omitted]). Whether a device of the sort contemplated by the statute could have prevented plaintiff's fall presents a question of fact precluding summary judgment in plaintiff's favor (see id.).
Additionally, with respect to Gilbane, the contract documents and deposition testimony raise triable issues as to whether Gilbane could be liable as the statutory agent of HRPT. Specifically, the proof raises issues whether Gilbane had the authority to control the work of plaintiff's employer, particularly its compliance with safety requirements (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024