**Board of Mgrs. of the 432 Park Condominium v 56th & Park (NY) Owner, LLC**

2026 NY Slip Op 31028(U)

March 18, 2026

Supreme Court, New York County

Docket Number: Index No. 155479/2025

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. MELISSA A. CRANE__                    PART                    60M

*Justice*

-------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 432 PARK
CONDOMINIUM, BOARD OF MANAGERS OF THE
RESIDENTIAL SECTION OF THE  432 PARK
CONDOMINIUM,

                                        Plaintiff,

                        - v -

56TH AND PARK (NY) OWNER, LLC,WSP USA
BUILDINGS, INC.,SLCE ARCHITECTS, LLP, MCGRAW
HUDSON CONSTRUCTION CORP., CIM GROUP, LP

                                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155479/2025 |
| MOTION DATE | 06/30/2025, 06/30/2025, 06/30/2025, 06/30/2025 |
| MOTION SEQ. NO. | 001 002 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 81, 86, 90, 95, 96, 98, 102, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 190, 191, 192, 196, 205, 206

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 87, 91, 99, 103, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 193, 194, 195, 207, 208

were read on this motion to/for                    DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 88, 92, 97, 100, 104, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 200, 201, 202, 203, 204, 209, 210

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 82, 83, 84, 89, 93, 94, 101, 105, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 197, 198, 199, 211, 212

were read on this motion to/for                    DISMISSAL                    .

 With the exception of CIM's motion to dismiss, these motions to dismiss were largely

decided on the record on January 13, 2026.

**155479/2025   BOARD OF MANAGERS OF THE 432 PARK  CONDOMINIUM, ET AL vs. 56TH AND**          **Page 1 of 4**
**PARK (NY) OWNER, LLC ET AL**
**Motion No.  001 002 003 004**

1 of 4

With respect to motion 4, SLCE Architects, LLP's motion to dismiss, the court denied the motion. For the reasons explained on pages 20-22 of the transcript, the court rejected SCLE's contention that the complaint had failed to plead fraud with specificity. The court declined to dismiss on the grounds of statute of limitations for the reasons expressed at pages 32-33 of the transcript.

For similar reasons, the court denied WSP USA BUILDINGS, INC's motion to dismiss (motion 3). At page 41 of the transcript, the court ruled that the statute of limitations did not bar the action at this point. At pages 43-46 of the transcript, the court ruled that plaintiffs had properly pled reliance and fraudulent statements. The court also reasoned at pages 46-47 of the transcript that plaintiffs had properly pled scienter with respect to WSP.

On page 50-52 of the transcript, the court denied that part of all the motions that sought a stay. In addition, the court rejected Sponsor's separate arguments regarding the statute of limitations at page 82 of the transcript, and claim splitting, that the court rejected at page 85 of the transcript.

The court took CIM's motion to dismiss on submission and now decides it. The court rejects plaintiff's attempt to plead around veil piercing by asserting a cause of action for aiding and abetting fraud. The court was unable to find any appellate case where aiding and abetting claims asserted against a separate developer (as opposed to a "sponsor/developer") proceeded. Instead, although often dismissed on vastly different facts, cases abound where a developer is sued on an alter ego theory (see, e.g. *Bd. of Managers of Gansevoort Condo. v. 325 W. 13th, LLC*, 121 A.D.3d 554, 555 [1st Dep't 2014] ["Plaintiff's failure to allege that defendant operated through the sponsor as an instrument of wrongdoing is fatal to its alter ego claim"]; see also *Bd. of Managers of Mod. 23 Condo. v. 350-52 W. 23, LLC*, 171 A.D.3d 433, 434 [1st Dep't

155479/2025   BOARD OF MANAGERS OF THE 432 PARK  CONDOMINIUM, ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL
Motion No.  001 002 003 004

Page 2 of 4

2 of 4

2019]["The facts that the sponsor, Hollander and Marin did not maintain separate office space, and that they shared telephone numbers, some staff and email do not in itself support a claim for alter ego liability"]).

Here, the complaint's allegations sound in control and dominance, not substantial assistance to an independent entity. For example, plaintiff contends that the Sponsor and CIM (though control of its employees) both disregarded the concerns of the prior architects and fired consultants and contractors until they found entities who would construct the façade with the esthetic they wanted. This is not aiding and abetting fraud, it is direct fraud.

Thus, under the facts as pled, CIM did not provide substantial assistance to the Sponsor. Rather, it IS the Sponsor (allegedly). Accordingly, the court dismisses the cause of action for aiding and abetting fraud with leave to replead to assert a direct fraud claim against CIM, and to assert veil piercing allegations within the factual section of an amended complaint. In allowing plaintiff to replead, the court notes that piercing the corporate veil is not a stand alone cause of action (see *Perez v. Long Island Concrete Inc.,* 203 A.D.3d 552 [1st Dep't 2022] ["alter ego liability is not an independent cause of action"]).

Accordingly, it is

ORDERED THAT the court denies all motions to dismiss, except for that part of CIM's motion to dismiss the aiding and abetting claim against it, without prejudice as described in this decision; and it is further

ORDERED THAT the parties have 30 days from the efiled date of this decision and order to answer the complaint; and it is further

**155479/2025   BOARD OF MANAGERS OF THE 432 PARK  CONDOMINIUM, ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL**
**Motion No.  001 002 003 004**

Page 3 of 4

3 of 4

ORDERED THAT the parties to this action shall attend a conference on March 20, 2026, at noon over Microsoft Teams.

20260318154442MACRANE7DCD702AD27043099F258D13E67574AF

**3/18/2026**
**DATE**

**MELISSA A. CRANE, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155479/2025   BOARD OF MANAGERS OF THE 432 PARK  CONDOMINIUM, ET AL vs. 56TH AND PARK (NY) OWNER, LLC ET AL**
**Motion No.  001 002 003 004**

**Page 4 of 4**

4 of 4

[* 4]