Krifca v Bronx-Lebanon Special Care Ctr., Inc.
2026 NY Slip Op 03391
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Fuat Krifca et al., Plaintiffs-Respondents,
v
Bronx-Lebanon Special Care Center, Inc., et al., Defendants-Appellants, Allied Building Products Corp., et al., Defendants-Respondents.
Allied Building Products Corp., Third-Party Plaintiff-Respondent,
Flatiron Contracting Solutions, Third-Party Defendant-Appellant.

Decided and Entered: June 02, 2026
Index No. 303938/15|Appeal No. 6785|Case No. 2025-00917|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Sipsas PC, Astoria (Ioannis P. Sipsas of counsel), for Flatiron Contracting Solutions, appellant.
Ahmuty, Demers & McManus, LLC, New York (Frank J. Wenick of counsel), for Bronx-Lebanon Special Care Center, Inc. and The Bronx-Lebanon Hospital Center, appellants.
Jonathan D'Agostino & Associates, P.C., Staten Island (Edward J. Pavia, Jr. of counsel), for Fuat Krifca and Isnike Krifca, respondents.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (John P. Cookson of counsel), for Allied Building Products Corp. and Arzee Supply Corp. of New Jersey, respondents.

[*1]
Order, Supreme Court, Bronx County (Ashlee Crawford, J.), entered January 22, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Bronx-Lebanon Special Care Center, Inc., and The Bronx-Lebanon Hospital Center (together BLHC) for summary judgment dismissing plaintiffs Labor Law § 240(1) claim and § 241(6) claim predicated on Industrial Code [12 NYCRR] § 23-8.1(f)(1)(iv), (f)(2)(i), and (f)(5) as against them and for summary judgment on their cross-claim for common-law indemnification against defendant/third-party plaintiff Allied Building Products Corp., granted plaintiffs' motion for summary judgment on the issue of liability on their Labor Law § 240(1) claim and Labor Law § 241(6) claim predicated on 12 NYCRR § 23-8.1(f)(1)(iv), and denied the motion of third-party defendant Flatiron Contracting Solutions for summary judgment dismissing Allied's third-party complaint as against it, unanimously modified, on the law, to grant BLHC conditional summary judgment on its cross-claim for common-law indemnification against Allied, and otherwise affirmed, without costs.
On November 19, 2014, Plaintiff Fuat Krifca was allegedly injured while working on a project to replace the roof of a building located at 1285 Fulton Avenue, Bronx, New York, owned by BLHC. At the time of the accident, Krifca was employed by Flatiron as a foreman and roofing mechanic. Allied was the supplier of roofing materials to Flatiron for the project and delivered those materials to the construction site using its boom truck.
The court properly awarded plaintiffs summary judgment on the issue of liability on their Labor Law § 240(1) claim. Krifca was engaged in a covered activity as the record shows that he was accepting delivery of roofing materials during an ongoing project to replace the roof of a building (see Kolenovic v 56th Realty, LLC, 139 AD3d 588, 589 [1st Dept 2016] ["Plaintiff was engaged in repairing the roof, an activity to which Labor Law § 240(1) applies, and not merely in routine maintenance"]). Furthermore, plaintiffs demonstrated that the roofing materials fell while they were being hoisted within the meaning of Labor Law § 240(1). The record shows that pallets were hoisted to the roof using two belts and a "boom," and as Krifca attempted to unhook one of the belts, it caught underneath the pallet. The lift operator re-engaged the boom, before the load was fully unhooked and without a signal that it should be lifted. The load lifted several feet into the air and fell onto Krifa because the load was not fully released. These facts demonstrate that the materials fell due to the inadequacy of the belts securing the load. Given that the belts failed to keep the load secure before the hoisting process completed, Krifca "was not obligated to set forth the type of safety device that should have been provided" (Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]).
[*2]
Plaintiffs were therefore properly awarded summary judgment on the Labor Law § 240(1) claim. We need not address the arguments concerning the Labor Law § 241(6) claim, which are rendered academic by our decision on plaintiffs' Labor Law § 240(1) claim (see Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]).
The court properly declined to consider Flatiron's successive motion for summary judgment dismissing Allied's third-party claim for contractual indemnification. Allied argues that it is entitled to contractual indemnification based upon an invoice it submitted for the materials used during the construction project. Section 5 of the "Terms and Conditions of Sale" of the invoice allegedly contains the indemnification provision at issue but is illegible. According to Allied, Section 5 provides that "[b]uyer hereby indemnifies and holds Seller harmless from any and all property damages or personal injury claims, awards, or judgments including all fines, penalties and attorneys' fees of any kind arising from Seller's sale and/or delivery of the goods under this contract." When Flatiron previously moved for summary judgment seeking the same relief, the motion court denied the request to dismiss the claim, finding triable issues of fact as to the intent of the parties to indemnify and whether General Obligations Law § 5-322.1 applies. The testimony that Flatiron obtained through discovery after its initial motion, failed to resolve the previously identified issues of fact (see Pough v Aegis Prop. Servs. Corp., 186 AD2d 52, 53 [1st Dept 1992]). Allied's employee, Mixto Torres, testified that he would explain some of the terms and conditions of Allied's invoices to his clients, but Flatiron was not his client. Flatiron's owner, Sakip Sela, testified he was never told that the terms and conditions governed the sales and deliveries of Allied's products. Neither individual's testimony resolved the issue as a matter of law.
However, the court should have awarded BLHC conditional summary judgment on its common-law indemnification claim against Allied because BLHC established its freedom from negligence and is only vicariously liable (see Farina v Plaza Constr. Co., 238 AD2d 158, 158 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026