■ VERONICA MIZELL, Respondent, v BRIGHT SERVICES, INC., Appellant. [832 NYS2d 14]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered June 20, 2006, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant janitorial contractor contended that the allegedly dangerous condition was open and obvious. Even a hazardous condition that is open and obvious does not abate the duty to maintain the premises in a reasonably safe condition (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69 [2004]). Should the jury conclude that an unreasonably dangerous condition existed, the facts that the condition was readily observable, and that it was actually observed by plaintiff who nonetheless stepped over the garbage bags left in the vestibule of her employer's building without alerting anyone that such bags allegedly blocked the only unlocked exit at that hour of the night, are factors to be considered by the jury in determining the issue of comparative fault (*see e.g. Cohen v Shopwell, Inc.*, 309 AD2d 560, 561 [2003]).

Defendant argues, for the first time on appeal, that where a contractor undertakes to perform services for a property owner, it does not assume a duty of care to persons who are not parties to the agreement, and is not liable to such persons for mere nonfeasance. We decline to reach the argument raised for the first time on appeal; in any event, it is without merit. The general rule in New York is that a contractual obligation, standing alone, will not give rise to tort liability in favor of an undesignated third party (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). Nevertheless, when a contractor is alleged to have negligently created or exacerbated a dangerous condition by its own affirmative acts, the scope of the defendant's duty should be determined under traditional negligence principles, without regard to any breach of contract theory (*see Genen v Metro-North Commuter R.R.*, 261 AD2d 211, 213 [1999]). Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX VINAS, Appellant. [831 NYS2d 90]—Judgment, Supreme Court, New York County (Michael Ambrecht, J.), rendered on or about October 21, 2005, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.