■ STEVEN AKINS, Respondent, v D.K. INTERIORS, LTD., et al., Defendants, and AKAM ASSOCIATES, Appellant. [885 NYS2d 289]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered October 23, 2007, which, to the extent appealed from, denied defendant Akam Associates' motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The record establishes that while plaintiff was employed as a doorman by defendant 230 Tenants Corporation Co-Op and was supervised by and reported to the building's superintendent, also an employee of 230 Tenants, the superintendent took his instructions from Akam's employee, the building's property manager. Moreover, the contract between 230 Tenants and Akam, the managing agent, gave Akam control of the building employees, which was exercised by Akam's property manager, who managed, supervised and disciplined staff members, monitored their work schedules, dress and job performance, inspected the premises and supervised work being performed. The property manager generated documentation for plaintiff's successful workers' compensation claim arising from the subject accident based on plaintiff's general employment by 230 Tenants. These facts show prima facie that Akam controlled the daily operation of the building and the manner and details of plaintiff's work and therefore that Akam was plaintiff's special employer (*see Ayala v Mutual Hous. Assn., Inc.*, 33 AD3d 343 [2006]; *Ramirez v Miller*, 41 AD3d 298 [2007], *lv denied* 12 NY3d 705 [2009]). This prima facie showing is not rebutted by the fact that the board of directors of 230 Tenants was involved in the management of the building or that 230 Tenants retained the ultimate power to hire and fire staff (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]; *Villanueva v Southeast Grand St. Guild Hous. Dev. Fund Co., Inc.*, 37 AD3d 155 [2007]). Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.