■ DYLAWATIE BHARAT, Appellant, v THE BRONX LEBANON HOSPITAL CENTER, Respondent. [966 NYS2d 11]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered April 24, 2012, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 12, 2012, granting defendant's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Because defendant demonstrated conclusively that it assumed exclusive control over the manner, details and ultimate result of plaintiff's work, the summary adjudication of plaintiff's special employment status and consequent dismissal of the action was proper (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558 [1991]; *Warner v Continuum Health Care Partners, Inc.*, 99 AD3d 636 [1st Dept 2012]).

Plaintiff testified that defendant's employees determined her assignment and provided her with "all instructions, everything." She participated in a one-week orientation program and passed a written examination administered by defendant before commencing work at defendant hospital. She wore a uniform that conformed to defendant's specifications and an identification badge issued by defendant's security office. Plaintiff stated that the role of the nursing agency that paid her salary was to obtain the contract for her, but all instructions regarding her job duties were provided by defendant's employees, not the agency, and she did not report to the agency's employees, who were not present at the hospital.

Plaintiff failed to raise a triable issue of fact because she was properly considered a special employee even though the agency paid her salary and had the power to hire and fire her (*see Amill v Lawrence Ruben Co., Inc.*, 100 AD3d 458 [1st Dept 2012]). Moreover, her contract with the agency had expired, and, in any event, only addressed ancillary aspects of the employment. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.