■ ANGEL ORTIZ, Appellant, v BURKE AVENUE REALTY, INC., et al., Respondents. [3 NYS3d 582]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered March 13, 2014, which denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff established entitlement to judgment as a matter of law by submitting evidence showing that he had been standing on the extension ladder performing work for several minutes, when the feet of the ladder suddenly slid backwards away from the wall and fell (*see Estrella v GIT Indus., Inc.*, 105 AD3d 555 [1st Dept 2013]; *Dwyer v Central Park Studios, Inc.*, 98 AD3d 882, 883 [1st Dept 2012]). Plaintiff was not required to show that the ladder was defective to meet his burden (*see Siegel v RRG Fort Greene, Inc.*, 68 AD3d 675 [1st Dept 2009]).

In opposition, defendants failed to raise a triable issue of fact. Their contentions that plaintiff slipped, and that his own actions caused the ladder to move, are unsupported and based on speculation (*see Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264 [1st Dept 2008]), and the fact plaintiff did not ask his brother to hold the ladder also does not raise a triable issue as to sole proximate causation (*see McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [1st Dept 2008]). That the accident was not witnessed does not bar judgment in plaintiff's favor, where nothing in the record contradicts his version of the events or raises an issue as to his credibility (*see Klein v City of New York*, 89 NY2d 833 [1996]; *Verdon v Port Auth. of N.Y. & N.J.*, 111 AD3d 580, 581 [1st Dept 2013]). The inconsistencies in the record relied upon by defendants, including the conflicting testimony as to who provided the subject ladder, are irrelevant to the dispositive issue of whether defendants provided plaintiff with proper protection under the statute (*see Lipari v AT Spring, LLC*, 92 AD3d 502, 503-504 [1st Dept 2012]; *Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592 [1st Dept 2010]). Furthermore, defendants' argument that plaintiff was not engaged in covered activity at the time of the accident, raised for the first time on appeal, is not availing. Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.