■ Jonathan Ocana, Respondent, v Quasar Realty Partners L.P., Appellant. [27 NYS3d 530]—

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 15, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and denied defendant's motion for summary judgment dismissing that claim, unanimously affirmed, without costs.

Defendant's argument that it is the alter ego of plaintiff's employer, and that the Workers' Compensation Law therefore bars the action against it, was correctly rejected by the motion court. Although plaintiff's employer was the general partner of defendant, they functioned as separate entities. Plaintiff's employer provided janitorial services for the buildings at issue, which were owned by defendant. The two entities kept separate files and did not commingle funds (*see Amill v Lawrence Ruben Co., Inc.*, 100 AD3d 458, 459 [1st Dept 2012]; *Soodin v Fragakis*, 91 AD3d 535, 536 [1st Dept 2012]). Further, the Property Management Plan between the entities stated that defendant did not have any employees, and required plaintiff's employer to indemnify defendant for any and all liability.

Plaintiff made a prima facie showing of his entitlement to summary judgment as to liability on his Labor Law § 240 (1) cause of action, by submitting his own testimony that the ladder upon which he was standing to perform his work wobbled, and that both he and the ladder fell to the ground as he descended it to figure out why it had wobbled (*see Ortiz v Burke Ave. Realty, Inc.*, 126 AD3d 577, 577 [1st Dept 2015]; *Hamill v Mutual of Am. Inv. Corp.*, 79 AD3d 478, 478 [1st Dept 2010]). Plaintiff was not required to offer proof that the ladder was defective (*Ortiz* at 577; *Hamill* at 479).

In opposition, defendant failed to show that plaintiff's conduct was the sole proximate cause of the accident (*Ortiz* at 578) and that it had provided plaintiff with adequate safety devices to prevent his fall (*see Strojek v 33 E. 70th St. Corp.*, 128 AD3d 490, 491 [1st Dept 2015]; *Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.