Orders, Supreme Court, New York County (Arlene R Bluth, J.), entered June 15, 2016, which denied defendants 214-27 Northern Boulevard, LLC, Bergon Construction Corp., and Lakota Construction Group, Inc.’s respective motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
 

 Plaintiff commenced this action to recover for personal injuries he allegedly sustained when he tripped over construction materials at his place of employment as it was undergoing renovations. Supreme Court properly concluded that defendant 214-27 Northern Boulevard, LLC, the lessee of the premises failed to demonstrate as a matter of law that it was an alter ego of plaintiff’s employer and therefore shielded from tort liability by the exclusive remedy of Workers’ Compensation Law §§11 and 29 (6). While there was overlap in the ownership and management of 214-27 Northern Boulevard and plaintiff’s employer, 214-27 Northern Boulevard was separately incorporated for the purpose of leasing the premises, maintained a separate corporate address, and maintained a separate bank account from which it paid for the renovations to the premises. An understanding of the financial relationship between the two is not clear from the record (see Henderson v Gyrodyne Co. of Am., Inc., 123 AD3d 1091, 1092 [2d Dept 2014]; Ocana v Quasar Realty Partners L.P., 137 AD3d 566 [2016], Lv dismissed 27 NY3d 1078 [2016]; Amill v Lawrence Ruben Co., Inc., 100 AD3d 458, 459 [1st Dept 2012]).
 

 Issues of fact exist regarding whether defendant Lakota Construction Group, Inc., the carpentry contractor, created or contributed to the dangerous condition that caused plaintiffs accident by failing to tape down the Masonite on which he tripped, cordon off the construction area, or ensure that the construction area near where employees passed remained properly illuminated (Mizell v Bright Servs., Inc., 38 AD3d 267 [1st Dept 2007]). With regard to construction manager Bergon Construction Corp., because there was no written agreement regarding the work, the scope of its involvement was unclear, and thus issues of fact exist regarding whether it created or contributed to the dangerous condition that caused the accident. In particular, it was uncontested that Bergon directed Lakota where to store the panels that plaintiff apparently tripped over.
 

 Moreover, Lakota and Bergon failed to establish that plaintiff was the sole proximate cause of his accident as a matter of law. It was not unforeseeable that with his exit out the rear door blocked, he would attempt to traverse the construction area to the side door, and his decision to do so in the dark presents an issue of comparative negligence (see Mizell, 38 AD3d 267 [even where garbage bags blocking exit were readily visible, plaintiffs effort to step over them to reach only exit raises issue of comparative negligence]).
 

 Concur — Richter, J.R, Webber, Kern and Moulton, JJ.