Spasic v Cammeby's Mgt. Co. (2018 NY Slip Op 05616)





Spasic v Cammeby's Mgt. Co.


2018 NY Slip Op 05616


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-01909
 (Index No. 701777/12)

[*1]Vlada Spasic, et al., appellants, 
v
Cammeby's Management Co., et al., respondents, et al., defendants.


Mangan Ginsberg, LLP, New York, NY (Michael P. Mangan of counsel), for appellants.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Jennifer B. Ettenger], of counsel), for respondents Cammeby's Management Co., Cammeby's Realty Corp., Cammeby's International Group, Jersey Central Management, LLC, Mid-Queens Limited Partnership, and Queens Fresh Meadows, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered February 26, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Cammeby's Management Co., Cammeby's Realty Corp., Cammeby's International Group, Jersey Central Management, LLC, Mid-Queens Limited Partnership, and Queens Fresh Meadows, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mid-Queens Limited Partnership.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Vlada Spasic (hereinafter the injured plaintiff) allegedly was injured while working as a maintenance worker in an apartment complex owned by the defendant Kew Garden Associates (hereinafter KGA) and managed by the defendant Mid-Queens Limited Partnership (hereinafter Mid-Queens). Although the injured plaintiff was employed by KGA, his work was supervised by property manager Chaim Rose, who was employed by Mid-Queens.
The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. In the order appealed from, the Supreme Court, inter alia, granted the motion of several defendants (hereinafter the moving defendants) for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Mid-Queens.
"Workers' Compensation Law §§ 11 and 29(6) restrict an employee from suing his or her employer or coemployee for an accidental injury sustained in the course of employment" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357). "[A] general employee of one employer may also be in the special employ of another, notwithstanding the general employer's responsibility for [*2]payment of wages and for maintaining workers' compensation and other employee benefits" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). "Although no one factor is determinative, a significant and weighty feature in deciding whether a special employment relationship exists is who controls and directs the manner, details and ultimate result of the employee's work—in other words, who determines all essential, locational and commonly recognizable components of the [employee's] work relationship" (Fung v Japan Airlines Co., Ltd., 9 NY3d at 359 [citations and internal quotation marks omitted]). "Other factors include who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (Franco v Kaled Mgt. Corp., 74 AD3d 1142, 1142-1143 [internal quotation marks omitted]).
Here, the moving defendants made a prima facie showing that Mid-Queens was entitled to summary judgment on the ground that it was the injured plaintiff's special employer. The evidence submitted by the moving defendants established that Mid-Queens controlled and directed the manner, details, and ultimate result of the injured plaintiff's work, the injured plaintiff's work was done in furtherance of Mid-Queens' business, and Mid-Queens had the right to discharge the injured plaintiff (see Akins v D.K. Interiors, Ltd., 65 AD3d 946; Ugijanin v 2 W. 45th St. Joint Venture, 43 AD3d 911, 913; Gubitosi v National Realty Co., 247 AD2d 512). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant to that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Mid-Queens.
In light of our determination, we need not reach the parties' remaining contentions.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court