Sinera v Embassy House Eat, LLC (2020 NY Slip Op 06731)





Sinera v Embassy House Eat, LLC


2020 NY Slip Op 06731


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Webber, Gesmer, González, JJ. 


Index No. 24647/13E Appeal No. 12380 Case No. 2019-2509 

[*1]Saikou Sinera, Plaintiff-Respondent,
v
Embassy House Eat, LLC et al., Defendants-Appellants, Stellar Management Group, Inc., Defendant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Timothy G. McNamara of counsel), for appellants.
Edelman, Krasin & Jaye, PLLC, Westbury (Monica P. Becker of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered February 5, 2019, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) cause of action, unanimously affirmed, without costs.
Plaintiff testified that the ladder he was ascending, which was missing one of its plastic feet, moved and fell over while he was on it, thereby establishing prima facie defendants' liability under Labor Law § 240(1) (see Goreczny v 16 Ct. St. Owner LLC, 110 AD3d 465 [1st Dept 2013]). In opposition, defendants argue that plaintiff is not entitled to summary judgment because he was the sole proximate cause of his accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290-291 [2003]). However, there is no evidence that, as defendants contend, plaintiff knowingly selected a defective ladder from among many others and placed it on an uneven floor that he did not notice was uneven (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]; Gonzalez v City of New York, 151 AD3d 492, 493 [1st Dept 2017]). Nor does the evidence that plaintiff took a step up after feeling a slight wobble and did not ask his coworker to hold the ladder raise an issue of fact as to sole proximate cause (Ortiz, 126 AD3d at 578). It may amount to contributory negligence, which, even if proved, is not a defense under the statute (Romanczuk v Metropolitan Ins. and Annuity Co., 72 AD3d 592, 592-593 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020