Colon v 251 Lexington I LLC (2021 NY Slip Op 07077)





Colon v 251 Lexington I LLC


2021 NY Slip Op 07077


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Oing, J.P., Singh, Scarpulla, Pitt, JJ. 


Index No. 21930/19E Appeal No. 14898-14898A Case No. 2021-02143, 2021-02144 

[*1]Marcos Colon, Plaintiff-Respondent,
v
251 Lexington I LLC, Defendant, Y Properties Holdings, LLC, Defendant-Appellant.


Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for appellant.
Stephen B. Kaufman, P.C., Bronx (John V. Decolator of counsel), for respondent.



Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered June 2, 2021, which, upon granting defendants' motion to renew and reargue on consent, denied defendant Y Properties' motion to dismiss the complaint as against it, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 1, 2021, which, to the extent appealed from, held defendants' motion to dismiss the complaint as against Y Properties in abeyance pending a determination by the Workers Compensation Board, unanimously dismissed, without costs, as superseded by the June 2, 2021 order.
Defendant Y Properties failed to submit documentary evidence sufficient to conclusively establish that it is the alter ego of plaintiff's employer, nonparty Yeshiva University, at this pre-answer stage (see Correa v Orient-Express Hotels, Inc., 84 AD3d 651 [1st Dept 2011]; CPLR 3211[a][1]). Rather, it presents issues as to Yeshiva's control over Y Properties or whether the parties function as a single entity (cf. Carty v East 175th St. Hous. Dev. Fund Corp., 83 AD3d 529 [1st Dept 2011]). For instance, the documentary evidence shows that Y Properties was separately incorporated for a different stated purpose than Yeshiva, and that its assets and credit were not available to satisfy Yeshiva's unrelated debts and other obligations (see Reaves v Lakota Constr. Group, Inc., 154 AD3d 637 [1st Dept 2017]). Although the LLC agreement that formed Y Properties lists Yeshiva as the company's sole member, it also authorizes Y Properties to borrow money and engage in any lawful act or activity to accomplish its stated purposes of acquiring, maintaining, selling, and leasing its properties, without any explicit direction that Yeshiva be involved in such decisions (see Kolenovic v 56th Realty, LLC, 139 AD3d 588, 589 [1st Dept 2016]; see also Richardson v Benoit's Elec., 254 AD2d 798 [4th Dept 1998]). Accordingly, the documentary evidence alone does irrefutably establish that dismissal of the complaint is proper as against Y Properties on the basis that it is an alter ego of plaintiff's employer.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021