Simpertegui v Carlyle House Inc. (2024 NY Slip Op 02609)

Simpertegui v Carlyle House Inc.

2024 NY Slip Op 02609

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 27911/17 Appeal No. 2233 Case No. 2023-02362 

[*1]Eyder Simpertegui, et al., Plaintiffs-Respondents,
v
Carlyle House Inc., Defendant-Appellant, Hotel Carlyle Owners Corp., Defendant. [And A Third-Party Action]

Coffey Modica LLP, White Plains (Ross S. Wagner of counsel), for appellant.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 28, 2023, which, to the extent appealed from, granted plaintiffs' motion for summary judgment on liability his Labor Law §240(1) cause of action, unanimously reversed, on the law, without costs, and plaintiff's motion denied.
Plaintiff was allegedly injured while removing and replacing bricks on a building at a construction site. At his deposition, plaintiff testified that while working, he climbed up an extension ladder to retrieve materials necessary for the project. According to plaintiff, when he reached a point around seven to eight feet off the ground, the ladder suddenly moved, causing him to fall.
Plaintiff established prima facie entitlement to summary judgment by submitting his deposition testimony describing the accident, along with photographic evidence of the accident site (see e.g. Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]; Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 577 [1st Dept 2015]).
However, in opposition, defendants raised triable issues of fact sufficient to defeat the motion by identifying various inconsistencies in plaintiffs account of the accident, thus calling into question his overall credibility and the circumstances underlying his claimed injuries (see Klein v City of New York, 89 NY2d 833 [1996]; Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 440 [1st Dept 2021]). For example, plaintiff testified inconsistently about the day that he was allegedly injured, whether he continued working after his alleged accident, and whether he promptly reported his accident. Further, the record evidence shows that plaintiff first went to the hospital at least several days after his employer had allegedly terminated him for unexplained, repeated absenteeism. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024