Molina v Loft 124 Condominium (2024 NY Slip Op 04609)

Molina v Loft 124 Condominium

2024 NY Slip Op 04609

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 150937/17 Appeal No. 2611 Case No. 2023-05954 

[*1]Margarita Molina, Plaintiff-Respondent,
v
The Loft 124 Condominium, et al., Defendants-Appellants, Lenox Condos, LLC, Defendant.

Pillinger Miller Tarallo, LLP, Elmsford (Edward J. O'Gorman of counsel), for appellants.
Pollack, Pollack, Isaac DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about July 10, 2023, which, upon reargument, denied defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court properly denied the appealing defendants' summary judgment motions. Defendant The Loft 124 Condominium failed to proffer any evidence that it had inspected the alleged defective Masonite board outside the elevator area of the lobby before plaintiff's fall (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]; cf. Raghu v New York City Hous. Auth., 72 AD3d 480 [2010]).
Defendant Romo Construction Corp. demonstrated its prima facie entitlement to summary judgment through its foreman's testimony that he examined the subject area only 40 minutes before plaintiff's fall (see Reeves v 1700 First Ave. LLC, 142 AD3d 830 [1st Dept 2016]). However, plaintiff raised triable issues of fact. One is whether the foreman had seen the hazardous condition of the Masonite board upon his inspection (see Reaves v Lakota Constr. Group, Inc., 154 AD3d 637, 637 [1st Dept 2017]). The other is whether Romo had created the condition by, among other things, moving equipment over the Masonite boards and failing to properly re-tape it, given that plaintiff testified that the edges of the board were bent upwards causing her to trip and fall (id.). Given the conflicting testimony as to whether the Masonite board was in a defective condition at the time of plaintiff's accident, any determination would be based upon the credibility of the parties, which is to be resolved at trial and not on a motion for summary judgment (see DeSario v SL Green Mgt. LLC, 105 AD3d 421, 422 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024