Molina v Chatham Towers, Inc. (2025 NY Slip Op 06285)

Molina v Chatham Towers, Inc.

2025 NY Slip Op 06285

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 156785/21|Appeal No. 5198|Case No. 2025-03017|

[*1]Pablo E. Molina, Plaintiff-Appellant,
v
Chatham Towers, Inc., Defendant-Respondent.

Ginarte Gonzalez & Winograd, LLP, New York (Anthony F. DeStefano of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Jennifer B. Adler of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered April 23, 2025, which denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff alleges that he was injured while he was standing on an A-frame ladder to remove insulation coverings from ceiling pipes. Plaintiff's supervisor testified that he set up the ladder, climbed it while plaintiff held it, pointed out which pipe coverings to cut and remove, and then left the room. Plaintiff testified at his deposition that he worked at the top of the ladder, which was unsecured, it suddenly moved and fell, causing him to land on the floor and injure his shoulder. Plaintiff also testified that after he fell from the ladder, he stood it back up before his supervisor returned. The supervisor stated that upon his return to the room, plaintiff, who was standing next to the upright ladder, told him that the ladder was shaky and had fallen because no one was holding it.
Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1). The evidence established that defendant failed to provide a safety device to ensure that the ladder, which plaintiff was instructed to use, would remain upright while he worked. The evidence also showed that plaintiff fell off the ladder when it shifted and fell (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]; Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]). This evidence was sufficient to establish a prima facie case, and plaintiff was not obligated to show that the ladder itself was defective (see e.g. Sacko v New York City Hous. Auth., 188 AD3d 546, 546-547 [1st Dept 2020]).
In opposition, defendant failed to raise an issue of fact. That there was no witness to the accident does not bar judgment in plaintiff's favor, as nothing in the record contradicts plaintiff's testimony concerning the events. Similarly, nothing in the record calls plaintiff's credibility into question because there is no conflict between his testimony and that of his supervisor on any material issue of fact (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 577 [1st Dept 2015]). Indeed, both plaintiff and his supervisor testified that plaintiff was using the ladder to perform work on the day of the accident, and the supervisor's testimony does not contradict plaintiff's testimony that the ladder was shaky and fell because it was unsecured. Although the supervisor testified that the ladder was upright by the time he arrived, he did not deny that plaintiff fell from the ladder, and plaintiff explained at his deposition that he set the ladder upright after he fell from it (see White v 31-01 Steinway, LLC, 165 AD3d 449, 452 [1st Dept 2018]; Rom, 158 AD3d at 570-571).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025