Santacruz v 58 Gerry St LLC (2026 NY Slip Op 00997)

Santacruz v 58 Gerry St LLC

2026 NY Slip Op 00997

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 23434/19|Appeal No. 5904|Case No. 2025-00403|

[*1]Jose Orlando Estela Santacruz, Plaintiff-Respondent,
v58 Gerry St LLC et al., Defendants-Appellants. [And Third-Party Actions]

Brody Law Group, PLLC, New York (Magdalene P. Skountzos of counsel), for appellants.
Greenberg & Stein, PC, New York (Ian Asch of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered January 7, 2025, which denied defendants' motion for leave to amend their answer, to vacate the note of issue, and to compel additional discovery, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant the motion for additional discovery to the extent of ordering plaintiff to appear for further deposition, within 60 days of the date of this order, consistent herewith, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendants leave to amend their answer to assert an affirmative defense and counterclaim for fraud based on an unrelated Racketeer Influenced and Corrupt Organizations Act (RICO) complaint filed in federal court on September 6, 2024, alleging, inter alia, that some of the attorneys who previously represented plaintiff in this action, and some of his medical providers, conspired to defraud insurers in workers' compensation and third-party personal injury actions. "The unproven allegations of fraud against plaintiff's [former] attorney[s] and medical providers in the RICO complaint do not, without more, warrant [an affirmative defense or] counterclaim for fraud against plaintiff himself" (Linares v City of New York, 233 AD3d 479, 480 [1st Dept 2024]; see Anguisaca-Morales v St. Paul & St. Andrew United Methodist Church, 238 AD3d 439, 440 [1st Dept 2025]). Even if, as defendants urge, plaintiff is the "Claimant A" referenced in that RICO complaint, these unproven allegations of fraud are insufficient to support a claim for fraud against plaintiff (see Anguisaca-Morales, 238 AD3d at 440). The separate fact identified by defendants that plaintiff shares and has shared an address with many other workers' compensation claimants and personal injury plaintiffs does not in and of itself establish that plaintiff's specific claims in this case are fraudulent (cf. Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022]). Moreover, defendants did not plead justifiable reliance or resulting damages (see Anguisaca-Morales, 238 AD3d at 440) beyond "having incurred litigation costs as a result of plaintiff's pursuing a fraudulent or frivolous claim" (Breton v Dishi, 234 AD3d 432, 433 [1st Dept 2025]). To the extent plaintiff's claims are, in fact, frivolous, defendants' may seek sanctions under CPLR 8303-a or Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 (see id.). Thus, it will remain for the trial court to determine to what extent defendants can explore these allegations at trial (see Linares, 233 AD3d at 480).
Supreme Court also providently exercised its discretion in declining to vacate the note of issue (see generally 22 NYCRR 202.21 [d]-[e]; Audiovox Corp. v Benyamini, 265 AD2d 135, 138-140 [2d Dept 2000]). The information on which defendants relied in support of their request to vacate the note of issue was information that already existed which could have been discovered with reasonable diligence, and thus was not an unusual or unanticipated circumstance that developed post-note of issue to justify the note's vacatur (see Taylor v Enterprise FM Trust, 214 AD3d 493 [1st Dept 2023]). However, defendants are entitled to further depose plaintiff as to the RICO action (see Lituma v Liberty Coca-Cola Beverages LLC, 243 AD3d 504, 504-505 [1st Dept 2025]; Franco v 800 E 173 LLC, 240 AD3d 446 [1st Dept 2025]). While the remedy in Lituma was to vacate the note of issue, "courts are authorized to permit post-note of issue discovery without vacating the note of issue, so long as the parties will not suffer prejudice as a result" (Valencia v City of New York, 188 AD3d 549, 550 [1st Dept 2020]; see Cabrera v Abaev, 150 AD3d 588, 588 [1st Dept 2017]). Accordingly, we elect to exercise our discretion to authorize defendants to further depose plaintiff on the RICO action (see Franco, 240 AD3d at 447), and to serve appropriate post-deposition discovery demands on the limited topics raised in that further deposition, without vacating the note of issue. This case has been on the trial calendar for more than two and a half years, and there is no need to remove it therefrom for defendants to conduct further discovery proceedings.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026