| |
|---|
| **Hyde v Okolie** |
| 2026 NY Slip Op 30763(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 152489/2016 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. HASA A. KINGO

*Justice*

PART     65M

-------------------------------------------------------------------------X

MAURICE HYDE,

Plaintiff,

- v -

CYRIL OKOLIE, PHYLLIS WEITZMAN, BOW FAITH CO. LLC,TIAA-CREFF,

Defendant.

-------------------------------------------------------------------------X

INDEX NO.        152489/2016

MOTION DATE      02/13/2026, 02/13/2026, 02/13/2026

MOTION SEQ. NO.   019 020 021

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 019) 674, 675, 676, 677, 678, 679, 712, 713, 714, 715, 716, 717, 718, 719, 720, 721, 722, 723, 747, 748

were read on this motion to          QUASH SUBPOENA, FIX CONDITIONS          .

The following e-filed documents, listed by NYSCEF document number (Motion 020) 694, 695, 724, 725, 726, 727, 728, 729, 730, 731, 732, 733, 734, 735, 749, 750

were read on this motion to          QUASH SUBPOENA, FIX CONDITIONS          .

The following e-filed documents, listed by NYSCEF document number (Motion 021) 698, 699, 700, 701, 702, 703, 736, 737, 738, 739, 740, 741, 742, 743, 744, 745, 746

were read on this motion to          QUASH SUBPOENA, FIX CONDITIONS          .

The court has considered the papers submitted in connection with Motion Sequence Nos. 019, 020, and 021. For the reasons set forth below, Motion Sequence Nos. 019 and 020 are granted in substantial part, and Motion Sequence No. 021 is denied except to the limited extent expressly provided herein.

In Motion Sequence No. 019, defendants move pursuant to CPLR §§ 2304 and 3103 for an order quashing subpoenas *duces tecum* served by plaintiff upon defendant Cyril Okolie and related entities seeking extensive banking and financial records for the period January 1, 2009 through September 30, 2016. In the alternative, defendants seek a protective order precluding or limiting enforcement of those subpoenas.

In Motion Sequence No. 020, defendants move to quash subpoenas served upon non-parties, including Bow Faith Co LLC, National Grid, and Con Edison, which seek tax returns, income and expense records, and utility usage documentation relating to the Maspeth property at issue in this action.

152489/2016   HYDE, MAURICE vs. OKOLIE, CYRIL
Motion No.  019 020 021

Page 1 of 5

[* 1]

1 of 5

In Motion Sequence No. 021, plaintiff cross-moves for an order "so ordering" and enforcing the subpoenas, contending that they constitute proper trial subpoenas under CPLR § 2301 and seek updated information necessary to establish damages and equitable relief.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from plaintiff's claims, *inter alia*, for constructive trust and unjust enrichment relating to real property located in Maspeth, Queens. Plaintiff alleges that defendants improperly retained benefits derived from that property and seeks equitable and monetary relief.

The parties engaged in extensive pretrial disclosure. Plaintiff thereafter filed a note of issue certifying that discovery was complete, that there were no outstanding discovery requests, and that the case was ready for trial.

Shortly after the Appellate Division, First Department, denied defendants' motion to stay the trial pending appeal, plaintiff served a series of subpoenas upon defendants and non-parties. The subpoenas directed to defendant Okolie seek sweeping categories of financial records from multiple banking institutions over a multi-year period. The subpoenas directed to Bow Faith Co LLC seek tax returns and financial documentation. The subpoenas directed to National Grid and Con Edison seek utility records purportedly bearing on the occupancy and use of the Maspeth property.

In correspondence submitted to the court, plaintiff characterized the subpoenas as seeking "updated income and expense information" relevant to damages and credibility.

Defendants now move to quash.

## ARGUMENTS

Defendants contend that the subpoenas constitute impermissible post–note of issue discovery disguised as trial subpoenas. They argue that the demands are overbroad, seek general categories of documents rather than specifically identified trial exhibits, and amount to fishing expeditions for impeachment material. Defendants further assert that plaintiff expressly certified that discovery was complete and cannot now reopen disclosure absent a showing of unusual or unanticipated circumstances. They also argue that tax returns are confidential and subject to heightened protection, and that certain subpoenas were procedurally defective for failure to comply with statutory requirements governing service and witness fees.

Plaintiff counters that the subpoenas are proper trial subpoenas governed by CPLR § 2301 and are distinct from discovery devices under CPLR § 3120. Plaintiff contends that the records sought are directly relevant to valuation, constructive trust, and unjust enrichment, and that trial courts possess discretion to permit post-note disclosure where no prejudice results, citing *Valencia v City of New York*, 188 AD3d 549 (1st Dept 2020), and related authority. Plaintiff further asserts that defendants cannot demonstrate prejudice because much of the information is within their control.

152489/2016   HYDE, MAURICE vs. OKOLIE, CYRIL                          Page 2 of 5
Motion No. 019 020 021

2 of 5

[* 2]

## DISCUSSION

As a threshold matter, the subpoenas should be quashed on account of improper service. To be sure, CPLR § 2103(b) governs service of process and provides that papers (including trial subpoenas) must be served "by any person not a party of the age of 18 years or over" in the same manner as a summons, unless otherwise prescribed by law (subsections (b)(1)–(4)). CPLR § 2103(b)(2)(B) (added 2015) permits service by electronic means only if the recipient has agreed in writing (or the service is pursuant to CPLR § 2303–a). Here, neither defendant (Okolie or Weitzman) signed an email consent form, nor did plaintiff have a standing order permitting email service, nor was there any court order dispensing with personal service. Thus, service by email alone did not comply with CPLR § 2103(b). CPLR § 2303–a (2007) permits a trial subpoena to be "served by delivery in accordance with [CPLR] 2103(b)" upon a party's attorney of record when attendance is compelled. But even under that provision, service must be effected by authorized means (mail or hand delivery) and with a proper witness fee. Here service by unapproved electronic means violates the statute. Moreover, CPLR § 2303(a) (as amended) requires that "[a] copy of any subpoena duces tecum served in a pending action shall also be served in the manner of CPLR § 2103 on each party who has appeared.". Serving the subpoena only on defense counsel (and not on plaintiff, the other party) fails this requirement. The CPLR was amended to make clear that a copy of every *duces tecum* subpoena must be timely served on all parties. Here, plaintiff served none of the parties via CPLR § 2103(b) compliant means except by email. In short, service was fatally defective as to both delivery method and notice.

Second, the subpoenas did not tender the required witness fees. CPLR §§ 8001 and 2305(d) together require that a witness subpoenaed to attend at trial be paid an advance fee (currently $15 per day plus travel expenses) before service. As plaintiff's own brochure notes, "CPLR § 2303 details the proper method of service for a judicial subpoena. CPLR 2303 & 8001 require a witness fee be provided a reasonable time in advance of trial, in the amount of $15 [per day]…; absent this payment in advance, the subpoena is not enforceable." Here, no fee was enclosed or paid; indeed, the affirmations show plaintiff's counsel told defense counsel "payment will follow" only if the subpoena is deemed valid. That admission confirms plaintiff's view that service was ineffective without payment.

Third, the scope and timing of the subpoenas are improper. These subpoenas were issued years after the case was marked ready (note of issue filed Jan. 2023). and appear to seek information plaintiff already had through discovery. Finally, defendants have shown that complying with these subpoenas (producing years of financial and personal documents in a short time, under the stress of imminent trial) would impose an oppressive burden.

Beyond these considerations, the court will elaborate further below whether the subpoenas at issue constitute permissible trial subpoenas seeking specific evidence for use at trial, or whether they are, in substance, improper attempts to conduct post–note of issue discovery.

A subpoena *duces tecum* issued for trial purposes is governed by CPLR § 2301. Such a subpoena is designed to compel the production of specifically identified documents for use as evidence at trial. It is not a discovery device. The Court of Appeals has made clear that a subpoena duces tecum "may not be used for the purpose of discovery or to ascertain the existence of

evidence" (*Matter of Terry D.*, 81 NY2d 1042, 1044 [1993]). Likewise, in *People v Wallace*, 76 NY2d 953, 955 (1990), the Court emphasized that a subpoena must seek specifically identified documents that are relevant and material, and may not be employed as a means to explore whether helpful evidence might exist.

The Appellate Division, First Department, has consistently adhered to this principle. In *Mestel & Co. v Smythe Masterson & Judd*, 215 AD2d 329 (1st Dept 1995), the Appellate Division, First Department, held that a subpoena cannot be used as a substitute for pretrial disclosure. Similarly, in *Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208 (1st Dept 1997), the Appellate Division, First Department, rejected efforts to employ trial subpoenas as a mechanism to reopen discovery after the filing of a note of issue.

Here, the subpoena directed to defendant Okolie seeks broad categories of banking records, including all account statements, deposit slips, checks, and related documentation spanning several years. Such sweeping demands do not identify specific trial exhibits; rather, they seek wholesale production of financial records to ascertain their contents. This is precisely the type of use prohibited by the Court of Appeals in *Terry D.* and *Wallace*. Plaintiff's own description of the subpoenas as seeking "relevant" information and material bearing on credibility confirms their exploratory nature.

Moreover, plaintiff filed a note of issue certifying that discovery was complete. The Appellate Division, First Department, has held that post-note discovery may be permitted only where unusual or unanticipated circumstances arise and substantial prejudice would otherwise result (*Bour v 259 Bleecker LLC*, 104 AD3d 454 [1st Dept 2013]). Plaintiff has not demonstrated the existence of such circumstances here. The financial transactions and property usage at issue have long been central to this litigation and could have been pursued during discovery.

Accordingly, the subpoena directed to defendant Okolie's banking records is quashed in its entirety.

The subpoenas directed to Bow Faith Co LLC seeking tax returns and financial records are likewise improper. Tax returns are confidential in nature and subject to heightened protection. A party seeking such materials must demonstrate a strong showing of necessity and that the information is unavailable from other sources. Plaintiff has not satisfied this burden. As with the banking records, these demands seek broad financial documentation that could have been pursued during discovery.

The subpoenas directed to National Grid and Con Edison present a somewhat closer question. The Appellate Division, First Department, has recognized that trial courts may permit limited post-note disclosure absent prejudice where the material sought constitutes updated information necessary for trial (*Valencia v City of New York*, 188 AD3d 549 [1st Dept 2020]; *Hickey v City of New York*, 159 AD3d 511 [1st Dept 2018]; *Curpill v Citywide Towing & Auto Repair Servs.*, 149 AD3d 442 [1st Dept 2017]; *Cabrera v Abaev*, 150 AD3d 588 [1st Dept 2017]). To the extent that narrowly tailored utility usage records may reflect recent occupancy of the property and constitute updated factual information rather than exploratory discovery, limited relief may be appropriate.

However, even in that context, the subpoenas must be strictly confined to recent, defined periods and may not serve as a vehicle for broad historical inquiry. The court therefore modifies those subpoenas and limits them to utility usage records from January 1, 2024 to the present.

Finally, compliance with the procedural requirements of CPLR §§ 2303 and 8001 is mandatory. A subpoena not properly served, or not accompanied by the statutory witness fee where required, is unenforceable. Any subpoena not in strict compliance with these provisions must be re-served in accordance with the statute if enforcement is sought.

In sum, the court concludes that plaintiff's subpoenas, with the limited exception set forth above, constitute improper post–note of issue discovery in contravention of controlling Court of Appeals and Appellate Division, First Department, precedent. Permitting such broad financial inquiry on the eve of trial would undermine the purpose of the note of issue and prejudice defendants.

Accordingly, it is hereby

ORDERED that Motion Sequence No. 019 is granted, and the subpoenas directed to defendant Cyril Okolie's banking and financial records are quashed; and it is further

ORDERED that Motion Sequence No. 020 is granted in substantial part, and the subpoenas seeking tax returns and broad financial documentation are quashed; and it is further

ORDERED that the subpoenas directed to National Grid and Con Edison are modified and limited to utility usage records for the period January 1, 2024 to the present; and it is further

ORDERED that Motion Sequence No. 021 is denied except to the limited extent set forth herein; and it is further

ORDERED that any subpoena not properly served in compliance with CPLR §§ 2303 and CPLR 8001 shall be unenforceable unless re-served in conformity with the statute.

This constitutes the decision and order of the court.

| 3/3/2026 | | | | |
|----------|---|---|---|---|
| **DATE** | | | HASA A. KINGO, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152489/2016  HYDE, MAURICE vs. OKOLIE, CYRIL**
**Motion No.  019 020 021**

Page 5 of 5

[* 5]