Ramaj v Franciosa Complex, LLC

2026 NY Slip Op 02222

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Zenun Ramaj et al., Plaintiffs-Respondents,

v

Franciosa Complex, LLC, Defendant-Appellant, Green Castle A. Mgmt. Corp. et al., Defendants. And A Third-Party Action

Decided and Entered: April 14, 2026

Index No. 20363/19|Appeal No. 6351|Case No. 2024-05924|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Peirce & Salvato PLLC, White Plains (Richard A. Salvato of counsel), for appellant.

[*1]

Order, Supreme Court, Bronx County (Mitchel J. Danziger, J.), entered September 6, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on their claim pursuant to Labor Law § 240(1), unanimously affirmed, without costs.

Plaintiffs made a prima facie showing that plaintiff Zenun Ramaj's accident was proximately caused by a violation of Labor Law § 240 (1). The evidence established that defendants failed to provide an adequate safety device protecting plaintiff from falling into a 7½-foot deep trench when the wood planking covering the trench broke (see Devlin v AECOM, 224 AD3d 437, 438 [1st Dept 2024]; Rubio v New York Proton Mgt., LLC, 192 AD3d 438, 439 [1st Dept 2021]; see also Palumbo v Citigroup Tech., Inc., 240 AD3d 455, 456 [1st Dept 2025]).

In opposition, defendants failed to raise an issue of fact. That there was no other witness to the accident does not bar judgment in plaintiff's favor (see Dyszkiewicz v City of New York, 194 AD3d 444, 445 [1st Dept 2021]). Although plaintiff's testimony that the covering was not secured to the ground was contradicted by a coworker who testified that the covering was secured with nails, this inconsistency does not raise a material issue of fact as to whether the trench covering failed as a safety device (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]).

We have considered defendants' other contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026