Lima v Skyline Restoration Inc.

2026 NY Slip Op 02602

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Francisco Lima, Respondent,

v

Skyline Restoration Inc., Appellant.

Decided and Entered: April 28, 2026

Index No. 161380/21|Appeal No. 6481|Case No. 2025-07960|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Maizes & Maizes, LLP, Bronx (Jeffrey Maizes of counsel), for appellant.

Ginarte Gonzalez Winograd, LLP, New York (Anthony F. DeStefano of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered November 20, 2025, which granted plaintiff's CPLR 2221(a) motion to modify the court's prior order dated August 14, 2025 and, upon modification, denied defendant's motion for summary judgment dismissing plaintiff's common-law negligence cause of action, unanimously affirmed, without costs.

Defendant failed to establish that it did not create or have notice of the raised Masonite flooring that caused plaintiff's fall on the stairs leading to the building's roof (see Balbuena v 395 Hudson N.Y., LLC, 214 AD3d 586, 587 [1st Dept 2023]). Pursuant to the project specifications and contract between defendant and the building owner, defendant undertook a duty to provide reasonable precautions for the safety of plaintiff, a handyman employed by the building's owner (see Bolson v UJA-FED Props., Inc., 224 AD3d 584, 585 [1st Dept 2024]). Defendant failed to establish that this duty lapsed or was otherwise transferred when the worksite was closed due to the COVID-19 shutdown. Although the work site was closed for approximately a month prior to the accident, defendant failed to establish that it did not create the condition by leaving the Masonite unsecured and failing to apply new tape when the board became raised (see Reaves v Lakota Constr. Group, Inc., 154 AD3d 637, 638 [1st Dept 2017]).

Defendant also failed to establish prima facie that it lacked notice of the raised Masonite. Despite testimony that defendant's employee was inspecting the roof of the building approximately every day at the time of the accident, and that it was defendant's practice to replace the tape securing the Masonite periodically to make sure it was secured, defendant did not submit evidence showing that it had inspected or repaired the Masonite prior to plaintiff's accident (see Bolson, 224 AD3d at 585).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026